UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES SIMPSON,

                                Plaintiff,

   v.                                                             9:19-CV-1413
                                                                            (MAD/ATB)

R. PRICE,

                                Defendant.
_____

APPEARANCES:

JAMES SIMPSON
Plaintiff, pro se
18-B-0295
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

MAE A. D'AGOSTINO
United States District Judge

# ORDER

On or about November 15, 2019, pro se plaintiff James Simpson ("plaintiff") commenced this action by filing a complaint, accompanied by an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. In accordance with 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), the Court reviewed those submissions and issued a Decision and Order on January 3, 2020, granting plaintiff's IFP application and dismissing plaintiff's complaint, with leave to amend, after concluding that it failed to state a claim upon which relief may be granted. Dkt. No. 4.

Plaintiff availed himself of the opportunity to amend, and the Court received his amended complaint on or about January 21, 2020. Dkt. No. 5. Pursuant to Sections 1915

and 1915A, the Court reviewed the amended complaint and issued a Decision and Order accepting the amended pleading for filing only with respect to plaintiff's Eighth Amendment excessive force claim against defendant Cayuga Correctional Facility Correctional Officer R. Price.  Dkt. No. 8 ("March Order") at 5.  The March Order also directed the Clerk to issue a summons and forward it, along with a copy of plaintiff's amended complaint, to the United States Marshal Service ("USMS") for service upon defendant Price.  March Order at 9.  The USMS has now twice returned unexecuted summonses to the Court.  Dkt. Nos. 10, 15.  According to a notation on the latest unexecuted summons, an individual employed at "Cayuga [Correctional Facility] IRC/Human Resources" notified the USMS that "defendant R. Price is retired from NYS DOCCS and [his] location is unknown."  Dkt. No. 15.

Section 1915 mandates that "[t]he officers of the court shall issue and serve all process" in actions where a litigant proceeds IFP.  28 U.S.C. § 1915(d).  This mandate is consistent with the Second Circuit's directive that a district court "pursue any course that it deems appropriate" to assist a pro se incarcerated plaintiff identify an unknown defendant.  *See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d. Cir. 1997) (finding that incarcerated plaintiff was entitled to discovery in order to ascertain identity of unknown defendant).

In accordance with Section 1915 and *Valentin*'s directive that district courts must assist pro se incarcerated litigants in service of process and ascertaining the identities of defendants, the Court respectfully requests that New York State Attorney General provide the Court with defendant Price's last known address(es), including work and home addresses.  The Attorney General need not undertake to defend or indemnify defendant Price at this juncture.

The Attorney General is requested to file a letter producing the information specified

above, to the extent that it can, within 30 days of the filing date of this Order. If the Attorney General possesses and/or obtains a last-known <u>home</u> address for defendant Price, the letter shall be filed under seal with the Court, and a copy of the same letter redacting defendant Price's home address shall also be filed with the Court and served on plaintiff, who is an incarcerated individual. Once this letter has been provided, the Clerk shall return the file to the Court for further review.

**WHEREFORE**, it is hereby

**ORDERED** that, pursuant to the Court's authority under 28 U.S.C. § 1915(d) and *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the New York State Attorney General is **DIRECTED** to file a letter with the Court **within 30 days of the date of this Order** providing the last-known work and home addresses it possesses and/or can reasonably obtain for defendant Cayuga Correctional Facility Correctional Officer R. Price; and it is further

**ORDERED** that the Attorney General's letter shall be filed under seal with the Court if it contains defendant Price's last-known home address, and a copy of the same letter redacting defendant Price's home address shall also be filed with the Court and served on plaintiff; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the New York State Attorney General and plaintiff.

**IT IS SO ORDERED.**

Dated: August 13, 2020
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge