**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMES SIMPSON,**

                                  **Plaintiff,**

    vs.                                             **9:19-CV-1413**
                                                              **(MAD/ATB)**

**R. PRICE,** *C.O.*,

                                  **Defendant.**

---

**APPEARANCES:**                           **OF COUNSEL:**

JAMES SIMPSON
18-B-0295
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **KONSTANDINOS D. LERIS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On November 15, 2019, Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed his original complaint in this matter pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. On January 3, 2020, the Court dismissed the complaint on initial review and permitted Plaintiff an opportunity to file an amended complaint. *See* Dkt. No. 4. Plaintiff filed his amended complaint on January 21, 2020, which the Court accepted for filing to the extent that it asserted an Eighth Amendment excessive

force claim against Defendant Price stemming from events that occurred on August 9, 2019. *See* Dkt. Nos. 5 & 8. Plaintiff was granted leave to file a second amended complaint on September 24, 2020, and the second amended complaint was accepted for filing to the extent that it asserted an additional excessive force claim against Defendant arising from events that occurred on October 10, 2018. *See* Dkt. No. 29.

On August 24, 2021, Defendant moved for summary judgment. *See* Dkt. No. 41. On September 9, 2021, Plaintiff responded to Defendant's motion. *See* Dkt. No. 43. In a Report-Recommendation dated December 29, 2021, Magistrate Judge Baxter recommended that the Court grant Defendant's motion in its entirety and dismiss this case. *See* Dkt. No. 46. In his Report-Recommendation, Magistrate Judge Baxter first found that Defendant was not personally involved in the October 10, 2018 incident. *See id.* at 9. As to the August 9, 2019 excessive force claim, Magistrate Judge Baxter initially found that dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies. *See id.* at 13-21. Alternatively, Magistrate Judge Baxter found that the claim should be dismissed on the merits because Plaintiff failed to establish both the subjective and objective components of an Eighth Amendment excessive force claim. *See id.* at 23-26.

In objections received on January 13, 2022, Plaintiff argues, in an entirely conclusory manner, that he has set forth a valid Eighth Amendment excessive force claim. *See* Dkt. No. 47 at 1-4. Additionally, Plaintiff contends that he was not required to exhaust his claim stemming from the events on August 9, 2019 because of the "futility exception." *Id.* at 2. As set forth below, Defendant's motion for summary judgment is granted in its entirety.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to Magistrate Judge Baxter's December 29, 2021 Report-Recommendation. *See* Dkt. No. 46.

### III. DISCUSSION

**A.    Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the

nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

"However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**B.      October 10, 2018 Incident**

In his second amended complaint, Plaintiff alleges that on October 10, 2018, he had a medical appointment outside of Cayuga Correctional Facility ("Cayuga C.F."). *See* Dkt. No. 30 at 2. Plaintiff informed the correctional officers responsible for his transport that the leg irons that he was placed in were too small for his ankles. *See id.* The officers ignored Plaintiff's complaints, resulting in severe bruises and aggravation of an open wound on his ankle. *See id.*

In its initial review of Plaintiff's second amended complaint, the Court read the pleading as alleging that Defendant Price was one of the officers who transported Plaintiff to his medical appointment on October 10, 2018. *See* Dkt. No. 29 at 3. At Plaintiff's deposition, however, he confirmed that Defendant Price was not involved in the October 10, 2018 incident. *See* Dkt. No. 41-1 at 41. Since Defendant Price was not present at the time of the October 10, 2018 incident, the undisputed facts demonstrate that he was not personally involved in any constitutional violation. As such, Magistrate Judge Baxter correctly determined that this claim must be dismissed due to Defendant's lack of personal involvement. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

**B.      August 9, 2019 Incident**

   *1. Exhaustion of Administrative Remedies*

As Magistrate Judge Baxter correctly determined, the excessive force claim stemming from the incident on August 9, 2019 should be dismissed due to Plaintiff's failure to exhaust. The undisputed facts before the Court establish that there is no record of a grievance being filed regarding this incident and that, even if such a grievance was filed, the denial of the grievance was not appealed to the CORC. *See* Dkt. No. 46 at 13-15; Dkt. No. 41-3; Dkt. No. 41-4. Plaintiff attempts to argue that the grievance process was unavailable to him, but his explanations/arguments have evolved over time and are insufficient to establish his burden of demonstrating unavailability, as fully explained by Magistrate Judge Baxter. *See* Dkt. No. 46 at 13-20. Plaintiff has provided no specifics regarding when the alleged grievances were written, their content, or the steps that he took to provide them to an officer to send to the grievance office. Additionally, Plaintiff has failed to provide the Court with any documentary evidence to corroborate that he attempted to file a grievance, such as follow-up correspondence after his release from SHU. As such, the Court finds that Plaintiff's conclusory allegations are insufficient to defeat summary judgment. *See Sankara v. Montgomery*, No. 9:16-cv-885, 2018 WL 4610686, *8 (N.D.N.Y. June 25, 2018) ("Plaintiff's conclusory allegations that the DOCCS IGP was unavailable to him [while confined to the SHU] were insufficient to withstand summary judgment," where the plaintiff "provided no evidence that he actually did write grievances; when they were written; the content of the grievances; ... the officers named in the grievance(s) ...; the specific steps taken by Plaintiff to provide them to an officer to send to the grievance office; and any specific follow up with the grievance office"). Plaintiff's objections to Magistrate Judge Baxter's Report-Recommendation simply reiterate his belief that administrative remedies were unavailable to him in an entirely conclusory fashion. *See* Dkt. No. 47 at 2.

Accordingly, the Court's Defendant's motion for summary judgment as to this claim based on Plaintiff's failure to exhaust the available administrative remedies.

### 2. Merits

Magistrate Judge Baxter also correctly found, in the alternative, that Plaintiff's excessive force claim relating to the August 9, 2019 incident should be dismissed on the merits. This incident again involves the application of leg irons on Plaintiff while he was being transported that were allegedly too small and caused a wound to reopen, resulting in an infection. *See* Dkt. No. 46 at 23.

According to the undisputed facts, on August 9, 2019, Plaintiff had an appointment at SUNY Upstate Medical University at 9:45 a.m. *See* Dkt. No. 41-2 at ¶¶ 10-11. Plaintiff was required to arrive at the departure location at Cayuga C.F. no later than 8:15 a.m. for an 8:30 a.m. departure. *See id.* at ¶¶ 11-12. Plaintiff arrived at the transport location at 8:45 a.m., at which point he was frisked and then placed in the transport van. *See id.* at ¶¶ 13-14. Once Plaintiff was placed in the van, Defendant attempted to place standard-sized ankle restraints on Plaintiff, which Plaintiff refused. *See id.* at ¶ 15. Plaintiff told Defendant that he would not wear the standard-sized restraints, and that he had a permit for "big boy" cuffs to ease the pressure placed on chronic wounds on his ankles and feet. *See id.* at ¶ 17. At this point, Defendant stopped attempting to place the standard-sized leg restraints on Plaintiff and contacted the area supervisor. *See id.* at ¶ 21. Defendant and the supervisor then escorted Plaintiff from the van to the infirmary, where Plaintiff spoke with Nurse Giovannetti. *See id.* at ¶ 22. Nurse Giovannetti placed a gauze bandage around one of Plaintiff's ankles and, at this point, Plaintiff agreed to continue on the medical trip. *See id.* at ¶ 23.

Additionally, while at the infirmary, Defendant and the supervisor checked with the Deputy Superintendent's Office and Medical Office for any documentation concerning a permit approving Plaintiff for larger restraints. *See id.* at ¶ 24. Neither office found any documentation and, therefore, it was determined that standard-sized ankle restraints would be used. *See id.* Upon returning to the van, Plaintiff permitted Defendant to apply the standard-sized restraints without further complaint. *See id.* The delay caused by the trip to the infirmary and checking for the existence of the permit resulted in Plaintiff arriving for his medical appointment thirty-five minutes after the scheduled arrival time. *See id.* at ¶ 26.

As Magistrate Judge Baxter correctly determined, the undisputed facts, beyond Plaintiff's own conclusory assertions, demonstrate that the alleged force was not employed in a sadistic or malicious manner intending to cause harm. As such, he has failed to satisfy the subjective prong of his excessive force claim. *See Chambliss v. Rosini*, 808 F. Supp. 2d 658, 669 (S.D.N.Y. 2011) (citation omitted). Moreover, Plaintiff has failed to satisfy the objective prong of his excessive force claim since he has alleged only *de minimis* injury without any plausible allegations of wantonness or maliciousness. *See Livingston v. Hoffnagle*, No. 9:19-cv-353, 2019 WL 7500501, *4 (N.D.N.Y. Nov. 8, 2019) (listing cases); *see also Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 265 (N.D.N.Y. 2018) (dismissing the *pro se* inmate's excessive force claim where he alleged only that the defendants "handcuffed him tightly, which caused cuts to his wrist").

Based on the foregoing, the finds that Defendant is entitled to summary judgment on this alternative ground.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's December 29, 2021 Report-Recommendation (Dkt. No. 46) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 41) is **GRANTED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 4, 2022
      Albany, New York

_(signature)_
Mae A. D'Agostino
U.S. District Judge

---

[1] In a one-page letter motion dated January 18, 2022, Plaintiff asks the Court "for permission for the defendant to take a voice analysis with my question, about the event that happen [sic] at my cost." Dkt. No. 48. It is entirely unclear what Plaintiff is seeking in this letter motion. However, since the Court has granted Defendant's motion for summary judgment in its entirety, this letter motion is denied as moot.